PeR Curiam.
 

 Overton having answered and died, his representatives were cited by
 
 sei. fa.
 
 and made parties. The answer was replied to, and the cause set for hearing. It now came on to be heard, and no evidence on either side was offered. The bill stated that Phillips was sued for the hire of a negro, for which $75 were demanded of him ; that he employed Overton, an attorney, to defend him, who agreed to take $10, but obtained his note under seal, when very drunk, for $100 ; and afterwards neglected the cause, but sued him on the bill single and obtained judgment. The complainant prayed and obtained an injunction.
 

 The answer admitted the action for the hire of a negro, not saying what sum was claimed for the hire ; but denied the agreement of the defendant to take $10 ; admitted his obtainment of the bill for $100, and said that if the defendant was drunk he did not procure him to become so, nor took any advantage of his situation, and asked, by way of interrogatory, whether the drunkenness of the complainant, or his want of intellect, will enable him to avoid his solemn bond under seal ? He puts other similar questions to the court, not saying in pointed terms whether the complainant was or was not drunk as charged. .
 

 * The answer ought to have admitted or denied expressly this charge. We cannot take evasions as a confession of
 
 *504
 
 the charge. The court might indeed have ordered the answer to be taken off the file. Cooper’s Eq. Pleading, 318
 
 ;
 
 9 Ves. junior, 1794; 14 Ves. 415. It is there stated that if an answer be so evasive that it is a mere delusion, it will be considered as no answer at all, and the court will order it to be taken off the file. The complainant should have excepted, and should have compelled a more direct answer ; not having done so, but replied, it cannot be said that an issue is joined upon this part of the
 
 bill;
 
 and failing to answer a particular charge in the bill, or not answering fully, cannot be taken as a confession. The answer states that he did attend, and defended the complainant; the replication denies that, and puts it on issue, and, were it material, he ought to prove it. But it is not material, for a failure of consideration alleged in such case ought to be shown on the part of the complainant; otherwise, though the rule is that in such instances the writing under seal is proof of a consideration, that rule would be inverted, and every holder of such an instrument would in equity be put to prove one. Equity must follow, not invert the rules of law.
 

 Still, however, there is enough in this bill and answer to afford ground for relief to the complainant. Equity, founding itself upon public policy, and the prevention of unreasonable advantages, will not, during the pendency of an action, suffer an attorney to extort from his client unreasonable sums for his services, nor to take unreasonable presents or securities from him. New. 454, 455. But, notwithstanding such security, will compel the attorney to receive only a reasonable and common allowance for such
 
 services;
 
 though, after the suit is ended, and the dependence of the client removed, and his perfect freedom of action restored, the law will allow of any compensation the client may think proper to make.
 

 * Therefore, let the injunction be made perpetual as to the whole of the judgment obtained against the complainant by the defendant, except the sum of $10, the common and usual allowance in such cases.
 

 The defendant must pay the costs of this suit and of the action at law out of assets.
 

 See, as to
 
 counsel fees, Rose
 
 v.
 
 Mynatt,
 
 7 Yer. 30; King’s Digest, 932
 
 et seq.
 
 As to
 
 answer,
 
 King’s Digest, 9736
 
 etseq.